IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

STEVEN S. FRANK, )
)
    Plaintiff, )
)
v. ) Civil Action No._____
)
FINANCIAL ACCOUNTS SERVICES )
TEAM, INC. )
)
    Defendant. )
)

## COMPLAINT

Comes Steven S. Frank ("Frank"), by counsel, and for his Complaint against Financial Accounts Services Team, Inc. ("FAST"), and states as follows:

1. Frank is a citizen of Knox County, Tennessee.

2. FAST is a Tennessee corporation that may be served with process upon its registered agent, Daniel F. McGehee, 709 Market Street, Knoxville, Tennessee. FAST is, upon information and belief, a collection agency registered with the Tennessee Department of Commerce and Insurance and which, as to Frank, served as a debt collector within the meaning of the Federal Fair Debt Collection Practices Act ("FDCPA"),15 U.S.C.§1692 et. seq.

3. This Court has subject matter jurisdiction under 28 U.S.C. §1331 because this case presents a federal question arising under the FDCPA.

4. On January 10, 2000, Frank entered into a contract with All-American Alarms & More, Inc. ("All-American") for that company to provide burglar alarm monitoring services for his home. His copy of that contract is attached as Exhibit 1.

5. That monitoring contract provided for a 36-month automatic renewal period unless notice of cancellation was given in writing by Frank at least sixty days prior to the end of the initial 36-month period. The contract did not, however, direct Frank where to send the cancellation notice and Frank sent the cancellation notice, in a timely manner, on October 7, 2002, to the address in Dallas, Texas, where he had been sending his monthly payments. See Exhibit 2.

6. All-American apparently took the position that Frank had not properly cancelled the contract, and without notice to Frank, turned the account over to FAST for collection.

7. Shortly after February 7, 2005, Frank received from FAST an initial communication stating that he owed $2,021.94 to a creditor identified as "All-American Alarms & More." A copy of that initial communication from FAST is attached as Exhibit 3.

8. On February 13, 2005, Frank sent to FAST a letter disputing the alleged debt and requesting validation. A copy of Frank's letter is attached as Exhibit 4.

9. On or about February 16, 2005, FAST sent a further communication to Frank, a copy which is attached as Exhibit 5.

10. FAST's communication to Frank violated the FDCPA in numerous ways, several of which are hereby set forth:

    a. FAST was obligated under the FDCPA not to make false representations to Frank about the amount or character of the debt it sought to collect. FAST's February 16, 2005, communication describes the alleged debt as containing a $206.22 component of the alleged debt as "Pre-Judgement Interest." This communication falsely implies that Frank has had a judgment entered against him by indicating he is liable for $206.22 in

S:\WPFILES\4134\FAST Complaint.doc

"pre-judgement interest." This representation was false because only judges can award prejudgment interest and only then after a judgment is entered and Frank is not aware of any such judgment and FAST has not produced any such judgment, much less any manner in which this interest was calculated.

b. Apart from misrepresenting the character of the alleged debt, FAST also misrepresented the amount of the debt in violation of the FDCPA, in its communications to Frank, because the sum of the charges in the right-hand column of Exhibit 5 do not add up to the stated amount of $1,394.44 and instead add up only to $1,188.22. Accordingly, FAST violated the FDCPA by not providing a validation of the $2,021.94 debt in the initial communication. FAST has yet to validate the $2,021.94 debt, even after Frank requested it to do so.

c. FAST also violated the FDCPA by misrepresenting the character of the debt by illegal "debt padding." Its February 16, 2005 communication includes a charge for $918.00 for "account declared default" and $627.50 in collection costs, and states that "contract allows Default fee and collection/attorney fees," however, the agreement supplied by FAST through its February 16, 2005, communication, does not allow a "Default fee of $918.00" or "collection" costs.

d. FAST violated the FDCPA by sending the February 7, 2005 notice and the February 16, 2005 "validation" notice, both which contained charges not permitted by the monitoring contract. For example, the burglar alarm

monitoring contract does not permit the acceleration of monthly charges for the duration of the agreement, even if Frank had breached the agreement, which is not the case, however, the $918.00 charge appears to be an acceleration of amounts due. Thus, FAST attempted to collect charges not authorized by law, in violation of the FDCPA.

11. FAST also violated the FDCPA in other ways, to be proven at trial.

12. Frank is entitled to actual and statutory damages and attorneys' fees under the FDCPA.

WHEREFORE, Frank prays that:

1. Process issue and FAST be brought before the Court;

2. Judgment be entered against FAST for violating the Federal Fair Debt Collection Practices Act; and

3. Frank be awarded his actual and statutory damages, costs, and attorneys' fees and such other relief as is necessary and proper.

Respectfully submitted,

STEVEN S. FRANK

By: _____
Martin B. Bailey, BPR #15370
John L. Miller, BPR #022192
**WAGNER, MYERS & SANGER, P.C.** 1801 First Tennessee Plaza
P.O. Box 1308
Knoxville, TN 37901-1308
(865) 525-4600
(865) 291-0419 (fax)

S:\WPFILES\4134\FAST Complaint.doc